UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARGARET SUZANNE ORWELLER,

    Plaintiff,

v.                                                                          Case No: 5:12-CV-551-Oc-PRL

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.
_____

# ORDER

This matter is before the Court on the Unopposed Motion for Entry of Judgment with Remand in which Defendant requests the Court to remand this case so that the Commissioner can take further administrative action. (Doc. 19). Plaintiff has no objection to the instant Motion.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), *appeal after remand* 613 F. Supp. 722 (E.D. Mo. 1985), *judgment aff'd in part, rev'd in part,* 784 F.2d 864 (8th Cir. 1986). Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist

- 2 -

acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Therefore, following a careful review of the record and filings, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is **ORDERED** that:

(1) Defendant's Unopposed Motion for Entry of Judgment with Remand (Doc. 19) is **GRANTED**.

(2) This action is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[1] to the Commissioner for the following reasons:

> On remand, the administrative law judge (ALJ) will provide Plaintiff with an opportunity for a new hearing, further develop the record, and issue a new decision. Specifically, the ALJ will obtain updated treatment records, further evaluate the opinions of the medical sources, including, but not limited to, Gobal Basisht, M.D., Brian Boyd, Ph.D., and Thomas J. Valente, M.D., and provide rationales for either accepting or rejecting these opinions. The ALJ will evaluate the nature and severity of Plaintiff's impairments of fibromyalgia and obesity, and further evaluate Plaintiff's residual functional capacity. If warranted, the ALJ will obtain testimony from a medical expert. The ALJ will further evaluate Plaintiff's past relevant work, obtain supplemental vocational expert testimony, and provide the vocational expert with a hypothetical that is consistent with the residual functional capacity.

---

[1] Remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

(3) The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on May 21, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties